RECOMMENDED FOR PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)

File Name: 20a0213p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

───────────────

KEVIN MALONE; COLLEEN MALONE,

       *Plaintiffs-Appellants*,

  *v.*

STANLEY BLACK & DECKER, INC., et al.,

       *Defendants*,

REXON INDUSTRIAL CORPORATION LIMITED,

       *Defendant-Appellee*.

No. 19-3880

───────────────

Appeal from the United States District Court
for the Northern District of Ohio at Cleveland.
No. 1:19-cv-00257—Solomon Oliver, Jr., District Judge.

Decided and Filed: July 15, 2020

Before: MERRITT, GUY, and STRANCH, Circuit Judges.

───────────────

## COUNSEL

───────────────

**ON BRIEF:** Paul W. Flowers, Louis E. Grube, PAUL W. FLOWERS CO., L.P.A., Cleveland, Ohio, W. Craig Bashein, BASHEIN & BASHEIN CO., L.P.A., Cleveland, Ohio, for Appellants. Richard A. Schuster, Catherine Dowie, MATTHIESEN, WICKERT & LEHRER, S.C., Hartford, Wisconsin, for Appellee.

───────────────

## OPINION

───────────────

RALPH B. GUY, JR., Circuit Judge. Kevin Malone injured his hand while using a table saw. He and his wife Colleen sued the saw's manufacturer and the other companies that brought

the saw to market. The district court dismissed the claims against the manufacturer for lack of personal jurisdiction and the Malones now appeal. We vacate the judgment and remand.

## I. BACKGROUND

According to the complaint, when Kevin Malone attempted to adjust the blade on his Craftsman table saw, "the guard came off the machine causing injury to his fingers." Malone was later "notified of a safety recall" on the saw. The Malones filed suit in an Ohio state court two years later, naming several Sears and Craftsman entities as defendants. They also named Rexon Industrial Corporation Limited, explaining that it "was and is a duly organized corporation and/or business association that engages in the business of manufacturing, marketing, distributing, sales, retail, renting and/or repairing of equipment, including table saws." Apart from this initial description, the rest of the complaint referred only to "the Defendants" generically.

Rexon is a Taiwanese company and thus removed the case to a federal district court in Ohio on the basis of diversity jurisdiction. Soon after, Rexon moved to dismiss under Federal Rule of Civil Procedure 12(b)(2), asserting that the district court lacked personal jurisdiction. Rexon admitted that it manufactured the saw in question and conceded, for the purpose of its motion, that it had purposefully availed itself of the benefits and protections offered by the State of Ohio. Nevertheless, Rexon insisted that other jurisdictional requirements were lacking. The district court found some of those arguments misplaced, but ultimately agreed that it lacked personal jurisdiction and dismissed the case, leading to this appeal.[1]

## II. DISCUSSION

Personal jurisdiction falls into two categories: general and specific. *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011). General jurisdiction exists when the defendant's affiliations with the forum state are "so 'continuous and systematic' as to render" the defendant "essentially at home" there. *Id.* (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). "Specific jurisdiction, on the other hand, depends on an 'affiliation between the

---

[1]The other defendants were voluntarily dismissed from the case without prejudice.

forum and the underlying controversy,' principally, activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation." *Id.* (quoting von Mehren & Trautman, Jurisdiction to Adjudicate: A Suggested Analysis, 79 Harv. L. Rev. 1121, 1136 (1966)) (alteration adopted).

The district court concluded that there was "no dispute as to the lack of general jurisdiction in this case," and thus focused only on specific jurisdiction. The Malones claim that there was and is such a dispute but "no case could be made for general jurisdiction because no discovery was permitted[.]" Whether discovery is permitted or not, the initial burden is on the plaintiff to make at least a prima facie showing of jurisdiction. *Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991). On its face, the complaint makes no allegations supporting general personal jurisdiction. The Malones thus failed to carry their burden as to general personal jurisdiction.

We therefore turn our attention to specific personal jurisdiction. "A federal court sitting in diversity may not exercise jurisdiction over a defendant unless courts of the forum state would be authorized to do so by state law—and any such exercise of jurisdiction must be compatible with the due process requirements of the United States Constitution." *Int'l Techs. Consultants, Inc. v. Euroglas S.A.*, 107 F.3d 386, 391 (6th Cir. 1997). The state law at issue here is Ohio's long-arm statute, which permits a court to exercise personal jurisdiction only if "one of the enumerated bases" in the statute is satisfied. *Conn v. Zakharov*, 667 F.3d 705, 718 (6th Cir. 2012). Although the statute lists many bases, the Malones focus on only three. Under those bases, the district court had jurisdiction if any of the Malones' causes of action arose from Rexon either (1) transacting business in Ohio; (2) contracting to supply services or goods in Ohio; or (3) causing tortious injury in Ohio by an act or omission outside the state if Rexon regularly does or solicits business in Ohio, or engages in any other persistent course of conduct there, or derives substantial revenue from goods used or consumed or services rendered there. *See* Ohio Rev. Code § 2307.382(A)(1), (2), (4).

The Malones argue that the third basis, subsection (A)(4), is the most fitting. In fact, they make no argument at all as to subsections (A)(1) or (A)(2). Nor did they make such arguments before the district court. Consequently, we deem any arguments as to those subsections forfeited

and focus exclusively on subsection (A)(4). *See Vander Boegh v. EnergySolutions, Inc.*, 772 F.3d 1056, 1063 (6th Cir. 2014).

### A. The Location of the Injury

The location of the injury is important. *See Jackson v. State St. Bank & Tr. Co.*, 674 N.E.2d 706, 710 (Ohio Ct. App. 1996) ("A determination of long-arm jurisdiction under [§] 2307.382(A)(4) first entails a finding that the tortious injury occurred in Ohio."). The complaint, however, is vague on this point. Although it states that the saw "had been purchased in" Ohio, it does not explicitly say Kevin Malone was in Ohio when he suffered his injury. Rexon pointed this out in its motion to dismiss, but the district court did not address it directly. In discussing another point, however, the district court mentioned that "Plaintiff was injured in the forum state," and its analysis proceeded on that understanding. The Malones insist that was proper, because the place of the injury is a "logical inference" from the other allegations in the complaint. We proceed as the district court did and infer that the injury occurred in Ohio.

### B. Contacts with the Forum State

In addition to the site of the injury, subsection (A)(4) also imposes requirements about the extent to which a defendant does business in Ohio. At the district court, the Malones acknowledged that they had not established precisely how much revenue Rexon earns from Ohio consumers, or how regular Rexon's business is, but they insisted that these deficits are precisely why they should be allowed to engage in limited discovery. The district court agreed that because of Rexon's "high volume of business activity" in Ohio, the Malones "could plausibly show, with additional discovery, that Rexon derived 'substantial revenue' from table saw sales in Ohio." The court declined to allow that discovery, however, because it believed the Due Process Clause prohibited the suit regardless. Neither party challenges the district court's conclusion as to the substantial revenue part of the long-arm statute and instead they both focus on the related requirements of the Due Process Clause. We will do the same.[2]

---

[2]Rexon does briefly argue that the Malones failed to meet subsection (C)'s requirements because the Malones' causes of action did not "arise from" Rexon's derivation of revenue from saws that ended up in Ohio. That is a misreading of the statute. Subsection (C) states simply, "When jurisdiction over a person is based solely upon this section, only a cause of action arising from acts enumerated in this section may be asserted against him."

The overriding question before us is whether Rexon "possesses such minimum contacts with [Ohio] that the exercise of jurisdiction would comport with traditional notions of fair play and substantial justice." *Beydoun v. Wataniya Rests. Holding, Q.S.C.*, 768 F.3d 499, 505 (6th Cir. 2014) (relying on *Int'l Shoe Co.*, 326 U.S. at 316). Normally we consider three prongs in answering that question: (1) whether Rexon purposefully availed itself of the privilege of doing business in Ohio, (2) whether Rexon's activities in Ohio proximately caused the Malones' injuries, and (3) whether the consequences caused by Rexon's actions were sufficiently connected to Ohio to make its courts' jurisdiction reasonable. *See id.* at 507–08.

At the district court, Rexon admitted, for the purposes of its motion to dismiss, that the Malones "can satisfy the 'purposeful availment' prong of the specific jurisdiction test." Rexon's concession was based on its belief that the motion was "more easily decided under the second prong of the specific jurisdiction test." The company takes the same approach now.

Rexon's approach, however, makes our task harder, not easier. That is because the first and second prongs are related. *Id.* at 507 ("the analysis on the first prong . . . involves some overlap with the analysis on the second prong"). We must first know *how* Rexon purposefully availed itself of Ohio's markets before we can determine whether its activities there proximately caused the Malones' injuries. And the concession about the first prong was vague. Rexon conceded that its "[c]ontacts with Ohio" satisfy the purposeful-availment requirement, but failed to say what those contacts were or why they were satisfactory. In the later discussion on the causation prong, Rexon admitted that it manufactured, sold, and shipped the saw to Sears in California, but was quick to point out that none of those actions was directed at Ohio. If Rexon's relevant actions were making, selling, and shipping the saw, and such activities were insufficiently connected to Ohio, then the first prong, not the second, would be left unmet. In contrast, making, selling, and shipping a defective saw would seem to qualify as the proximate cause of the alleged injuries, thus satisfying the second prong. On the other hand, if Rexon purposefully availed itself of Ohio in some other unmentioned way, then it would be impossible to analyze the second prong.

---

The causes of action here arose from Rexon's design and manufacturing of the allegedly defective saw. And Rexon is amenable to suit if it derived substantial revenue from saws subsequently used in Ohio. If the complaint satisfies (A)(4), then it satisfies (C), too.

The district court spotted the problem.  It concluded that Rexon had "confused the different aspects of the Due Process Clause personal jurisdiction test and intended to rest its arguments on the purposeful availment prong, instead of the 'arising out of' requirement." Consequently, the court analyzed the motion under the first prong and determined that because Rexon "did not direct its sales to Ohio" specifically, the court lacked personal jurisdiction.  The court therefore dismissed the case.  As we will explain, this was error.

## C.  Burden Shifting

Motions to dismiss under Rule 12(b)(2) involve burden shifting.  The plaintiff must first make a prima facie case, which can be done merely through the complaint. *Am. Greetings Corp. v. Cohn*, 839 F.2d 1164, 1169 (6th Cir. 1988).  The burden then shifts to the defendant, whose motion to dismiss must be properly supported with evidence. *Theunissen*, 935 F.2d at 1458. Once the defendant has met the burden, it returns to the plaintiff, who may no longer "stand on his pleadings but must, by affidavit or otherwise, set forth specific facts showing that the court has jurisdiction." *Id.*

So the first question is whether the Malones' complaint makes out a prima facie showing of jurisdiction.  This requires a plaintiff to establish, with reasonable particularity, sufficient contacts between the defendant and the forum state to satisfy the relevant long-arm statute and the Due Process Clause. *MAG IAS Holdings, Inc. v. Schmuckle*, 854 F.3d 894, 899 (6th Cir. 2017); *Neogen Corp. v. Neo Gen Screening, Inc.*, 282 F.3d 883, 887 (6th Cir. 2002); *see also Welsh v. Gibbs*, 631 F.2d 436, 438 (6th Cir. 1980) ("[The plaintiff] need only 'demonstrate facts which support a finding of jurisdiction[.]'") (quoting *Data Disc, Inc. v. Sys. Tech. Assocs., Inc.*, 557 F.2d 1280, 1285 (9th Cir. 1977)).  Here, that means showing that Rexon purposefully availed itself of the privilege of conducting activities in the State of Ohio. *See J. McIntyre Mach., Ltd. v. Nicastro*, 564 U.S. 873, 882 (2011) (plurality op.); *Schneider v. Hardesty*, 669 F.3d 693, 701 (6th Cir. 2012).

Once again, the complaint is sparse on detail, but it did make what amount to three relevant allegations:

(1) Rexon is in the business of making, marketing, distributing, and selling table saws;

(2) "Defendants" (which we take to include Rexon) "negligently manufactured, designed, assembled, distributed, sold, and otherwise furnished" the saw that injured Kevin Malone and failed to include with it adequate warnings to prospective users despite knowing of its dangers; and

(3) The negligent defects in the design and manufacture, as well as the failure to include warnings, were proximate causes of the Malones' injuries.

Paragraph four specifically alleged that Rexon "conducted business, entered into contractual relations, caused tortious injury, and otherwise established minimum contacts in the State of Ohio." The complaint does not state that Rexon directed its sales to Ohio, but that is not, on its own, determinative. *See Nicastro*, 564 U.S. at 885 (recognizing purposeful availment "will differ across cases" depending on the "defendant's conduct and the economic realities of the market the defendant seeks to serve"). Taken together with the rest of the complaint, and in a light most favorable to the Malones, these allegations are enough to satisfy the "relatively slight" burden of a prima facie showing. *Am. Greetings Corp.*, 839 F.2d at 1169.

Although the district court assumed the complaint's allegations were enough to satisfy the long-arm statute, it concluded that they failed to satisfy the Due Process Clause. The court seems to have reached this conclusion because an affidavit from one of Rexon's sales managers disclaimed some of the complaint's allegations. For instance, according to the manager, Rexon "has never engaged in any marketing effort specifically targeting Ohio" and it does not have offices, agents, or property in the state. It "has never entered into any contract in the State of Ohio," nor does it "dictate to Sears where Sears should sell products." In other words, the affidavit averred that Rexon has not done many of the things that we look to when assessing purposeful availment. *See Asahi Metal Indus. Co. v. Superior Ct.,* 480 U.S. 102, 112 (1987) (O'Connor, J.) (plurality op.); *Bridgeport Music, Inc. v. Still N The Water Pub.*, 327 F.3d 472, 480 (6th Cir. 2003) (endorsing Justice O'Connor's approach).

The affidavit, however, was irrelevant. A district court has discretion in how it resolves a 12(b)(2) motion. *Serras v. First Tenn. Bank Nat. Ass'n*, 875 F.2d 1212, 1214 (6th Cir. 1989). "If it decides that the motion can be ruled on before trial, the court 'may determine the motion on the basis of affidavits alone; or it may permit discovery in aid of the motion; or it may conduct an evidentiary hearing on the merits of the motion.'" *Id.* (quoting *Marine Midland Bank, N.A. v. Miller*, 664 F.2d 899, 904 (2nd Cir. 1981)). The court's choice affects the plaintiff's burden. *Id.* If the court holds an evidentiary hearing and the defendant's motion is properly supported with evidence, the plaintiff must overcome it by a preponderance of the evidence. *See Dean v. Motel 6 Operating L.P.*, 134 F.3d 1269, 1272 (6th Cir. 1998). But "[w]hen the district court 'rules on written submissions alone' the burden consists of 'a prima facie showing that personal jurisdiction exists.'" *Schneider*, 669 F.3d at 697 (quoting *Serras*, 875 F.2d at 1214).

Here, the court chose to resolve the motion on the written submissions.[3] The Malones thus needed only to make a prima facie showing, which, as we have already explained, they did through their complaint. Although Rexon provided an affidavit that in some ways cut against jurisdiction, the district court's choice of procedure made that affidavit irrelevant. *Cf. Palnik v. Westlake Entm't, Inc.*, 344 F. App'x 249, 251 (6th Cir. 2009). As we have explained:

> [T]his rule prevents a defendant from "defeating personal jurisdiction merely by filing a written affidavit contradicting jurisdictional facts alleged by a plaintiff" while simultaneously allowing a defendant to "invoke the court's discretion to order a pretrial evidentiary hearing" and thereafter apply the more-exacting standard when a plaintiff's jurisdictional allegations are wholly unfounded.

*Schneider*, 669 F.3d at 697 (quoting *Serras*, 875 F.2d at 1214). Rexon did not request a hearing and the court did not hold one, which meant the Malones' prima facie burden did not change. *See Dean*, 134 F.3d at 1272. Yet the district court credited Rexon's affidavit and granted its motion without first allowing any form of discovery. In doing so, the court erred. *See Theunissen*, 935 F.2d at 1459; *see also Schneider*, 669 F.3d at 699 (recognizing the significance of whether discovery was allowed); *Int'l Techs. Consultants, Inc.,* 107 F.3d at 391 (same).

---

[3]We note that Rexon expressly requested that it do so, writing in its reply brief, "[i]f the Court decides Rexon's Motion to Dismiss on the filings (and Rexon believes it should), then the burden of proof is [Plaintiffs'.]"

## III.  REMAND

We remand the case because, given how the court resolved the motion, the Malones' complaint was sufficient to withstand Rexon's motion.  That may change depending on how the district court decides to move forward, and we leave that to the court's discretion.  Consequently, we decline to address Rexon's alternative argument for relief under Rule 12(b)(6).  We do offer guidance, however, in the event that Rexon continues to press its argument that jurisdictional discovery is neither necessary nor warranted.

When the Malones responded to Rexon's motion to dismiss, they asked the district court for jurisdictional discovery.  The court recognized their request, but declined to allow it in light of its decision on the Due Process Clause.  Rexon says the Malones' failure to include evidence when responding to the motion shows that they were rightfully denied a chance at discovery.

Rexon has it backwards.  The Malones' inability to produce evidence reveals why they need discovery or an evidentiary hearing.  Consider the situation.  The Malones are two individual people who suffered injuries due to an allegedly defective saw.  They know that Rexon made the saw and they know that Rexon sold the saw to a well-known, national chain of stores.  Under *Bridgeport*, those facts are not enough to sue Rexon in any state's courts—save, perhaps, the state to which it was initially shipped—because Rexon may be sued only where it has purposefully availed itself.  327 F.3d at 480.  In truth, Rexon may very well have made the necessary contacts in Ohio,[4] but the Malones cannot know that without discovery.  Although Rexon's affidavit reveals some of the things it did not do, it leaves plenty of questions about what it did do.  Did, for instance, Rexon discuss with Sears which markets the saws would be sold in, and the numbers of saws those markets would need?  Did Rexon adjust its output accordingly?  How many saws did Rexon sell and how many ended up in Ohio?  These are the types of details that guided the Supreme Court's decision in *Nicastro* and they are the details that the Malones, as mere consumers, could learn only through discovery.  *See* 564 U.S. at 886–87; *cf. NTCH-W. Tenn, Inc. v. ZTE Corp.*, 761 F. App'x 485, 487 (6th Cir. 2019), *reh'g denied* (Feb. 20, 2019) (discussing details plaintiff knew through its existing business relationship).

---

[4]Rexon did, after all, concede exactly that.

Rexon claims this would amount to a fishing expedition, but its citations are inapposite. In both *Chesbrough* and *New Albany Tractor*, the complaints had not adequately pleaded that the defendants committed wrongdoing, so the district courts properly refused to permit discovery to confirm there was wrongdoing. *See Chesbrough v. VPA, P.C.*, 655 F.3d 461, 472 (6th Cir. 2011); *New Albany Tractor, Inc. v. Louisville Tractor, Inc.*, 650 F.3d 1046, 1051 (6th Cir. 2011). The Malones are not trying to discover wrongdoing, but amenability to suit. The court in *Pebble Beach* disallowed "additional" jurisdictional discovery because jurisdiction appeared "to be both attenuated and based on bare allegations in the face of specific denials made by the defendants[.]" *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1160 (9th Cir. 2006) (quoting *Terracom v. Valley Nat. Bank*, 49 F.3d 555, 562 (9th Cir. 1995)). The Malones' basis for jurisdiction is not so attenuated—particularly in light of Rexon's concession that is *has* purposefully availed itself of Ohio. And *Anwar* directly cuts against Rexon, for there the court allowed jurisdictional discovery; it just declined to allow the plaintiff to take certain depositions. *Anwar v. Dow Chem. Co.,* 876 F.3d 841, 854 (6th Cir. 2017) ("We have noted that a plaintiff should have access to information necessary to establish her claim, but that a plaintiff may not be permitted to 'go fishing[.]'").

* * *

The judgment of the district court is VACATED and the case is REMANDED to the district court.